# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WHITE STALLION ENERGY, LLC, *et al.*, | : | Bankruptcy Case No. 20-13037 (LSS) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| RESPONSIBLE ENERGY | : | |
| OPERATION, LLC, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1608-CFC |
| | : | Bankr. BAP No. 21-81 |
| ENGLISH RESOURCES, INC., | : | |
| WES ENERGY, LLC, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **14th** day of **December, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

This appeal arises out of the chapter 11 cases filed by White Stallion Energy, LLC and certain of its affiliates on December 2, 2020. On October 29, the Bankruptcy Court entered its Order authorizing (a) a sale of assets free and clear of all liens,

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

claims, encumbrances and interests and (b) the Debtors' assumption and assignment of certain executory contracts and unexpired leases; and (c) granting related relief which sustained the objections of ERI and WES to Debtors' sales of certain assets and/or the assumption and assignment of certain contracts and leases to REO (referred to as the Sale Order).  REO filed its notice of appeal of the Sale Order on November 12, 2021.  D.I. 1.  This judge entered an oral order at D.I. 4 on November 17, 2021 which is referenced in fn. 1 below.  The parties provided their joint written submission on December 8, 2021.

The parties agree that mediation will not be useful in resolving this appeal since it turns on specific issues of law on which the parties are diametrically opposed. Neither side believes there is any middle ground and further believe mandatory mediation would be unproductive and only result in the incurrence of unnecessary costs and delay.

The parties do agree to the following proposed briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | No later than 30 days after entry by this Court accepting this Recommendation. |
| Appellees' Answering Brief | No later than 30 days after filing of Appellants' Opening Brief |
| Appellants' Reply Brief | No later than 14 days after filing of Appellees' Answering Brief. |

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of

the process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections pursuant 28 U.S.C. § 636(b)(1)(B), F%%ED%%. R. C%%IV%%. P. 72(a) and D. D%%EL%%. LR 72.1 are anticipated since it is consistent with the parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge